IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EMERY JEAN GOODMAN, :
: 
    Plaintiff, :
: 
v. : Civil Action No. 17-1232-RGA
: 
DELAWARE HEALTH AND SOCIAL :
SERVICES and DIVISION OF CHILD :
SUPPORT, :
: 
    Defendants. :

---

Emery Jean Goodman, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 27, 2017
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Emery Jean Goodman proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. She commenced this action on August 30, 2017, seeking child support payments withheld by the Delaware Division of Social Services. (D.I. 2). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges that child support owed her was sent to the Division of Social Services. It claimed that Plaintiff received $35,000. Plaintiff alleges that $9,990 was not paid, and she asked for an investigation. Plaintiff alleges that the Division of Social Services withheld money owed her from 2009 to date. The complaint does not contain a prayer for relief. I will assume Plaintiff wants the $9,900.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded,

1

must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth;

2

and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Court has an independent obligation to address issues of subject matter jurisdiction. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'"). "As a matter of policy and comity, [child support cases are] local problems [which] should be decided in state courts. Domestic relations is a field peculiarly suited to state regulation and control, and peculiarly unsuited to control by federal courts." *Magaziner v. Montemuro*, 468 F.2d 782, 787 (3d Cir. 1972).

While the parties are domiciled in different states, the court lacks diversity jurisdiction over cases involving domestic relations. The domestic relations exception to federal jurisdiction prohibits federal courts from hearing "cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). The bar on federal jurisdiction applies to ancillary matters. Numerous federal courts have held that the domestic relations exception applies to cases involving

3

the determination or modification of child support. See, e.g., Donohue v. Pataki, 28 F. App'x 59 (2d Cir. 2002); Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir. 1998); Lannan v. Maul, 979 F.2d 627, 631 (8th Cir. 1992); Agg v. Flanagan, 855 F.2d 336, 339 (6th Cir. 1988). This is a domestic relations matter involving child support issues and the collection of child support payments. Therefore, the court lacks subject matter jurisdiction pursuant to the domestic relations exception to federal diversity jurisdiction.

I also note that, as a Delaware agency, the Delaware Health and Social Services Division of Child Support Enforcement is subject to the Delaware Administrative Procedures Act. See 29 Del. C. §§ 10102, 10142; Davis v. Delaware Health and Social Service/Div. of Child Support Enforcement, 2010 WL 1502659, at n.8 (Del. Ch. Apr. 6, 2010) (exhaustion of remedies doctrine requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will either review any action by the agency or provide an independent remedy). Thus, even if there were not a domestic relations exception for diversity jurisdiction, Plaintiff has available an administrative remedy under which to seek relief, which Plaintiff would have to exhaust before being able to bring suit.

## CONCLUSION

For the reasons discussed, the court lacks subject matter jurisdiction, and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate order will be entered.

4